UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-05-6004-LRS |
| | ) | CR-05-6005-LRS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ARTHUR E. KRONTZ, | ) | Preliminary Order of Forfeiture |
| CAROL A. KRONTZ, | ) | |
| | ) | |
| Defendants. | ) | |

WHEREAS, in Count 31 of the Indictment in the above case and in Count 36 of the Information Superseding Indictment in the above case, the United States sought forfeiture of certain real property described as follows:

> 903 East Alder Street, Walla Walla, Washington
> Legal Description:
>
> Lot 7 in Block 10 of Isaacs' Addition to the City of Walla Walla according to the official plat thereof of record in the office of the Auditor of Walla Walla County, Washington.
>
> Situated in the County of Walla Walla, State of Washington.
>
> Subject to covenants, conditions, restrictions, reservations, easements and agreements of record, if any.
>
> Assessor's Property Tax Parcel Account Number: 36-07-21-57-1007.

The real property constitutes or is property derived directly or indirectly from gross proceeds traceable to the commission of Federal Health Care offenses in violation of 18 U.S.C. § 1347, and is therefore forfeitable pursuant to 18 U.S.C.

Preliminary Order of Forfeiture - 1
Krontz Preliminary Order of Forfeiture.wpd

1 § 982(a)(7); and/or the real property was involved in or is traceable to such
2 property and/or constitutes or is derived from proceeds traceable to the commission
3 of Money Laundering offenses in violation of 18 U.S.C. § 1956, and is therefore
4 forfeitable pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461; and/or the
5 real property constitutes or was derived from proceeds obtained as a result of a
6 Theft of Public Money offense(s), in violation of 18 U.S.C. § 641, and is therefore
7 forfeitable pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461.
8         AND WHEREAS, on November 3, 2005, Defendant ARTHUR E.
9 KRONTZ, entered into a plea agreement and plead guilty to an Information
10 Superseding Indictment, charging Conspiracy to Commit Health Care Fraud in
11 violation of 18 U.S.C. §§ 371, 1347 (Count 1); Money Laundering in violation of
12 18 U.S.C. § 1956(a)(1)(B) (Counts 9 - 15); and Theft of Public Money (SSA) in
13 violation of 18 U.S.C. § 641(Count 35); and agreed to the forfeiture of the real
14 property.
15         AND WHEREAS, on March 15, 2006, the Defendant ARTHUR E.
16 KRONTZ, was convicted of Conspiracy to Commit Health Care Fraud in violation
17 of 18 U.S.C. §§ 371, 1347 (Count 1); Money Laundering in violation of 18 U.S.C.
18 § 1956(a)(1)(B) (Counts 9 - 15); and Theft of Public Money (SSA) in violation of
19 18 U.S.C. § 641(Count 35), all of the Information Superseding Indictment, via the
20 entry of the Judgment in a Criminal Case, which also ordered the forfeiture of the
21 above-listed real property.  Any person convicted of such an offense(s) is required
22 to forfeit to the United States any property constituting proceeds obtained directly
23 and indirectly as a result of such violation(s), or property traceable to such
24 proceeds, and/or any property involved in such violation(s).
25         AND WHEREAS, on November 3, 2005, Defendant CAROL A. KRONTZ,
26 entered into a plea agreement and plead guilty to an Information Superseding
27 Indictment, charging Misprision of Health Care Fraud in violation of 18 U.S.C. §§
28

4, 1347 (Count 1); and Misprision of Money Laundering in violation of 18 U.S.C. §§ 4, 1956(a)(1)(B) (Count 2) and agreed to the forfeiture of the real property.

AND WHEREAS, on March 16, 2006, the Defendant CAROL A. KRONTZ, was convicted of Misprision of Health Care Fraud in violation of 18 U.S.C. §§ 4, 1347 (Count 1); and Misprision of Money Laundering in violation of 18 U.S.C. §§ 4, 1956(a)(1)(B) (Count 2), of the Information Superseding Indictment, via the entry of the Judgment in a Criminal Case, which also ordered the forfeiture of the above-listed real property. Any person convicted of such an offense(s) is required to forfeit to the United States any property constituting proceeds obtained directly and indirectly as a result of such violation(s), or property traceable to such proceeds, and/or any property involved in such violation(s).

AND WHEREAS, by virtue of the plea agreements and said convictions, the United States is now entitled to possession of the above-described real property, pursuant to Fed. R. Crim. P. 32.2, 21 U.S.C. §853 and 28 U.S.C. § 2461.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the plea agreements and the health care fraud, money laundering, and theft of public money convictions, the United States is hereby authorized to seize the real property described above, and said real property is hereby preliminarily forfeited to the United States for disposition in accordance with the law, subject to the provisions of Fed. R. Crim. P. 32.2, 21 U.S.C. § 853 and 28 U.S.C. § 2461.

2. That the aforementioned forfeited real property should be seized by the United States to be maintained in its secure custody and control.

3. That pursuant to 21 U.S.C. § 853(n)(1), the United States shall forthwith publish at least once a week for three successive weeks in a newspaper of general circulation in Walla Walla County notice of this Order, notice of the United States' intent to dispose of the real property in such a manner as the Attorney General may direct and notice that any person, other than the Defendants,

Preliminary Order of Forfeiture - 3
Krontz Preliminary Order of Forfeiture.wpd

having or claiming a legal interest in the above-listed forfeited real property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the real property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited real property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the real property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2, 21 U.S.C. § 853 and 28 U.S.C. § 2461, in which all interests will be addressed.

ORDERED this 29th day of March, 2006.

*s/Lonny R. Suko*

Lonny R. Suko
United States District Judge

Presented by:

James A. McDevitt
United States Attorney

s/K. Jill Bolton

K. Jill Bolton
Assistant United States Attorney

Preliminary Order of Forfeiture - 4
Krontz Preliminary Order of Forfeiture.wpd